# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2565 | **DATE** | 6/10/2003 |
| **CASE TITLE** | Douglass Press Inc vs. Universal Manufacturing Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to July 24, 2003 at 9:00 a.m. For the reasons stated in the attached Memorandum Opinion and Order, Plaintiff's Motion to Compel Production and/or Disclosure of Withheld Opinions of Universal's Trial Counsel [61-1, 61-2] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 11 2003 | 72 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| cav | courtroom deputy's initials | 03 JUN 10 PM 3:27 date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS PRESS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 01 C 2565 |
| UNIVERSAL MANUFACTURING COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

DOCKETED
JUN 1 1 2003

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

Plaintiff Douglas Press, Inc. ("Douglas Press") filed suit against defendant Universal Manufacturing Company ("Universal") alleging patent and trademark infringement. This matter is now before the Court on Douglas Press' Motion to Compel Production of and/or Disclosure of Withheld Opinions of Universal's trial counsel. For the reasons set forth below, the motion is denied.

## BACKGROUND

In 1995, Douglas Press sent demand letters to Universal asserting that it was violating Douglas Press' patents. At that time, Universal retained two Kansas City attorneys, Gerald Kraai and Mark Brown, to respond to the letters. After Douglas Press filed the instant lawsuit in April 2001, Universal retained the law firm of Jenner & Block to serve as trial counsel. Kraai initially filed an appearance along with Jenner & Block but he subsequently withdrew as counsel on or about September 25, 2001. Universal has asserted an advice of counsel defense to Douglas

Press' allegations of willful infringement and has produced the opinions it received in that regard from Kraai and Brown. However, Universal has refused to produce any opinions from Jenner & Block. Douglas Press filed this motion to compel, arguing that Universal waived any privilege with respect to the Jenner & Block opinions when it chose to assert the advice of counsel defense. Douglas Press also argues that it is entitled to Jenner & Block's opinions because Universal asserted the affirmative defenses of estoppel and laches.

## DISCUSSION

A claim of willful patent infringement generally focuses on "whether the infringer exercised due care to avoid infringement, usually by seeking the advice of competent and objective counsel." *Motorola, Inc. v. Vosi Technologies, Inc.*, No. 01 C 4182, 2002 WL 1917256, at *1 (N.D. Ill. Aug. 19, 2002) (quoting *Vulcan Engineering Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1378 (Fed. Cir. 2002)). Thus, "[i]t is well-established that the assertion of an advice of counsel defense results in a waiver of the attorney-client and work product protections." *Thermos Co. v. Starbucks Corp.*, No. 96 C 3833, 1998 WL 781120, at *1 (N.D. Ill. Nov. 3, 1998). A party may also waive privilege in the course of asserting the affirmative defense of estoppel.[1] *See Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001); *THK America, Inc. v. NSK Co.*, 157 F.R.D. 637, 650 (N.D. Ill. 1993) ("if a

---

[1] Unlike the estoppel defense, laches does not require a showing of detrimental reliance. *See Dentsply International, Inc. v. Sybron Corp.*, No. 84 C 3822, 1986 WL 5757, at *3 (N.D. Ill. May 12, 1986). Thus, Universal's assertion of the laches defense does not put its advice of counsel at issue in the case and is not a basis for waiving the privilege with respect to the opinions of Jenner & Block. *See Chamberlain Group v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 467153, at *2 (N.D. Ill. Mar. 27, 2002); *Advertising to Women, Inc. v. Gianni Versace*, No. 98 C 1553, 1999 WL 608711, at *6 (N.D. Ill. Aug. 4, 1999) (assertion of a laches defense does not waive attorney-client privilege because it does not require an inquiry into the defendant's state of mind).

2

defense of estoppel may be defeated by showing that the party asserting the defense actually relied not on plaintiff's conduct but on its lawyers' advice, the party claiming estoppel has put attorney-client communications in issue"). The proper scope of the waiver, however, is less clear.

Principles of fairness prevent parties from simply picking and choosing which opinions or communications they want to disclose. *See Thermos*, 1998 WL 781120, at *1 (quoting *Saint-Gobain/Norton Industrial Ceramics Corp. v. General Electric Co.*, 884 F. Supp. 31, 33 (D. Mass. 1995)) ("[p]rinciples of fairness . . . prevent a party from 'disclos[ing] opinions which support its position, and simultaneously conceal[ing] those [opinions] which are adverse'"). At the same time, a party does not completely waive its privilege with respect to all matters merely by raising an advice of counsel or estoppel defense. Instead, courts have generally found that a party must produce the opinions and documents it relied upon, as well as any other attorney communications involving the same subject matter. *See Beneficial*, 205 F.R.D. at 217; *Thermos*, 1998 WL 781120, at *1; *Motorola*, 2002 WL 1917256, at *2; *Technitrol, Inc. v. Digital Equipment Corp.*, 181 U.S.P.Q. 731, 732 (N.D. Ill. 1974) ("if the [waiver] rules were limited to only a particular counsel, a party might get several viewpoints and assert reliance on only one, thus barring an inquiry as to the actuality and reasonableness of that reliance").

When it comes to trial counsel, however, courts have found that such unfettered access to post-suit work product would be unduly intrusive. Thus, courts have limited the circumstances under which trial counsel's advice must be disclosed. They have not, however, reached a consensus regarding the proper scope of the limitation. In *Thermos*, the court found that waiver extends only to documents that "contain conclusions that contradict or cast doubt on" the

3

opinions relied upon. 1998 WL 781120, at *5. *See also Micron Separations, Inc. v. Pall Corp.*, 159 F.R.D. 361, 365 (D. Mass. 1995) (waiver as to trial counsel extends only to documents containing "potentially damaging information" or expressing "grave reservations respecting the opinion letter"). In addition, the defendants were only required to produce documents that were actually communicated to them. *Thermos*, 1998 WL 781120, at *5.

In *Beneficial*, the court agreed that a party who places privileged documents and communications at issue to advance an equitable estoppel defense must disclose trial counsel's advice and work product only to the extent that it "contradicts or casts doubt on" the disclosed opinions. 205 F.R.D. at 218. However, the court did not limit disclosure to information communicated to the defendants:

> Not all information conveyed to a client is neatly reflected in a transmittal letter or in a memorandum specifically directed to the client. The practical reality is that if negative information was important enough to reduce to a memorandum, there is a reasonable possibility that the information was conveyed in some form or fashion to the client.

*Id. See also Dunhall Pharmaceuticals, Inc. v. Discus Dental, Inc.*, 994 F. Supp. 1202, 1205 (C.D. Cal. 1998).[2]

In *Motorola*, the court held that all post-suit opinions of trial counsel, who were not the same lawyers who provided the pre-suit opinions defendant was going to rely upon, were

---

[2] The Court notes that there is also some dispute as to whether the work product underlying the opinions of attorneys other than trial counsel must be disclosed if the information was not clearly communicated to the client. *Compare Thermos*, 1998 WL 781120, at *4 (allowing production only of work product communicated to defendants), with *Clintec Nutrition Co. v. Baya Corp.*, No. 94 C 7050, 1996 WL 153881, at *1 (N.D. Ill. Mar. 28, 1996) (requiring production of all documents relied upon or considered by attorney in conjunction with rendering his opinion regardless of whether those documents were communicated to the client). The Court need not address this issue because Douglas Press does not challenge Universal's production with respect to any non-trial attorneys.

protected from disclosure without exception. 2002 WL 1917256, at *2. The court reasoned that the willful nature of the defendant's misconduct "logically depend[ed] upon the advice it received before suit was filed," and that waiver "would inappropriately chill communications between trial counsel and client and would impair trial counsel's ability to give the client candid advice regarding the merits of the case." *Id.*

More recently in *Lakewood Engineering and Manufacturing Co. v. Lasko Products, Inc.*, No. 01 C 7867, 2003 WL 1220254 (N.D. Ill. Mar. 14, 2003), the court followed the rationale of both *Beneficial* and *Thermos* and found that trial counsel's advice must only be disclosed to the extent that it contradicts or casts doubt on the opinions that have been disclosed, regardless of whether those materials were communicated to the client. *Id.* at *10. However, if the defendant did not rely on trial counsel's opinions on willful infringement and did not intend to rely on those opinions at trial, the defendant did not have to disclose any opinions of its trial counsel at all. *Id.*

In this case, Douglas Press argues that Universal has waived any privilege with respect to the opinions of Jenner & Block because it already produced the opinions of Kraai who served as trial counsel along with Jenner & Block for approximately four months. Pl. Reply, pp. 2-3. Douglas Press claims that Universal intends to rely upon the advice of Jenner & Block as part of its advice of counsel defense and that it cannot now selectively produce only those opinions it chooses. *Id.*, pp. 3-4. With respect to Universal's estoppel defense, Douglas Press argues that it is entitled to demonstrate that Universal did not rely on Douglas Press' purported inaction and delay in filing this case, "but rather some other facts, such as its own attorneys' advice." *Id.*, p. 6. For its part, Universal denies that it is relying on any formal opinions from Jenner & Block to support its advice of counsel defense. Def. Reply, pp. 1-2. Universal suggests that this Court

should follow *Motorola* and prohibit disclosure of any post-suit opinions of trial counsel. Universal also claims that Douglas Press has not met its burden of establishing that Jenner & Block's opinions contradict or cast doubt on the opinions of Kraai and Brown. Def. Mem., pp. 2-3; Def. Reply, pp. 2-3.

The Court finds that the following approach to waiver is appropriate in this case. Based on Universal's representation that it is not relying on any opinions from Jenner & Block as part of its advice of counsel defense, Universal need not disclose any documents or other materials prepared by the firm. As noted by the *Motorola* court, the defense logically depends on advice Universal received before suit was filed, and waiver "would inappropriately chill communications between trial counsel and client and would impair trial counsel's ability to give the client candid advice regarding the merits of the case." 2002 WL 1917256, at *2. *See also Lasko*, 2003 WL 1220254, at *10 ("[t]o the extent that [defendant] did not rely on trial counsel's opinions on willful infringement, and as such will not rely on such opinions at trial, [defendant] need not disclose any opinions of its trial counsel").

As for Universal's affirmative defense of estoppel, the Court agrees that Douglas Press is entitled to try to defeat the defense by demonstrating that Universal relied on its attorneys' advice, and not Douglas Press' alleged inaction and delay in filing suit. *See THK America*, 157 F.R.D. at 651 ("[i]f defendants . . . relied on favorable opinions from patent counsel, detrimental reliance [on plaintiff's alleged delay in filing suit] may be absent"). However, any such attorney advice was necessarily given prior to the filing of the lawsuit, and prior to the retention of Jenner & Block. Universal has already produced the pre-suit opinions of Kraai and Brown and waiver

of the post-suit Jenner & Block opinions would inappropriately chill communications between trial counsel and client.

## CONCLUSION

For the reasons stated above, Douglas Press' motion to compel (Docket Entry # 61-1 and 61-2) is denied.

_____
NAN R. NOLAN
United States Magistrate Judge

Dated:

6-10-03